IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-00537-WYD-KLM

JACOB IND,

> Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
SUSAN JONES;
MARY NELL MCCORMICK;
MCCAIN HILDEBRAND;
RENE OLIVETT; and
JAMES W. BROWN,

> Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [Docket No. 33; Filed August 21, 2009].   Defendants filed a Response in opposition to the Motion on September 14, 2009 [Docket No. 39].   Despite Plaintiff's contention to the contrary, the Response is timely in that it was filed on the first business day after the twenty-three day response period had expired.   *See* D.C. Colo. L. Civ. R. 7.1(C) (setting twenty-day response deadline for motions); Fed. R. Civ. P. 6(d) (allowing three days to be added to twenty-day response deadline when pleading is served by mail). Plaintiff filed a Reply on September 24, 2009 [Docket No. 42].

As a preliminary matter, the deadline for pleading amendment was August 17, 2009 [Docket No. 31].   The Court notes that the Motion was filed after the amendment deadline set by the Court.   Accordingly, Plaintiff must provide good cause for extending the pleading

amendment deadline pursuant to Fed. R. Civ. P. 16(b)(4). After good cause has been shown, Plaintiff must also satisfy the Court that the proposed amendments are proper under these circumstances pursuant to Fed. R. Civ. P. 15(a). Having considered the parties' arguments, the entire docket and the relevant case law, the Court is sufficiently advised in the premises. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court's ruling is explained below.

Plaintiff, *pro se*, is incarcerated by the Colorado Department of Corrections at the Colorado State Penitentiary in Canon City, Colorado. This matter was filed pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, and Colorado state law to address alleged civil rights and religious violations perpetrated by Defendants. *See Complaint* [#3] at 4; *Supplement* [#6] at 1; *Supplement* [#16] at 3 (collectively the "Complaint"). Plaintiff filed the present Motion to amend the Complaint to correct perceived pleading deficiencies addressed by Defendants in their pending Motion to Dismiss [Docket No. 27]. *Motion* [#33] at 1-2.

## A. Good Cause

Plaintiff seeks leave to amend his Complaint to add an additional Defendant, Anthony DeCesaro, and to provide better factual and legal clarity for his pending claims. Although Plaintiff failed to comply with the Court-set deadline to amend his Complaint, he contends that the delay was caused by his attempt to confer with Defendants and ascertain their position prior to filing the Motion as well as delays at the prison where he is incarcerated. *Reply* [#42] at 2. Given Plaintiff's incarcerated and *pro se* status, as well as

2

the fact that the Motion was filed shortly after the deadline and Defendants have not identified any resulting prejudice, I find that Plaintiff has provided good cause for extension of the pleading amendment deadline.

### B. Leave to Amend

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants primarily argue that leave to amend should be denied because the proposed amended pleading does not cure the identified deficiencies and would therefor be futile.[1] *Response* [#39] at 4. Specifically, Defendants contend that "the proposed amended complaint is no different than [sic] the operative complaint" and suffers from the same deficiencies identified in the Motion to Dismiss *Id.* By contrast, Plaintiff argues "the proposed amended complaint corrects problems the court could have possibly found, addressing the only arguments which had any merit in the Defendants' motion." *Reply* [#42] at 3.

An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v.*

---

[1] Although Defendants also contend that the Motion should be denied because Plaintiff failed to cure pleading deficiencies despite multiple opportunities to do so, *Response* [#39] at 3-4, I reject this argument here. The Court permitted Plaintiff a final opportunity to amend his Complaint by setting a pleading amendment deadline despite the knowledge that Plaintiff had already amended his Complaint twice.

*Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint."  *Id.*

Although Defendants argue that the proposed Amended Complaint would not survive a motion to dismiss for many of the same reasons addressed in the pending dispositive motion, I find that at this stage of the proceedings it is not clear that Plaintiff's amendments would be futile.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  Moreover, as Plaintiff notes, it is not uncommon for courts to allow amendment of an operative pleading in order to give an opportunity to a party, particularly a *pro se* party, to cure any pleading deficiencies prior to dismissal outright.[2]  *See generally Oxedine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  Here, my sole function is to determine whether Plaintiff has provided a plausible basis for liability, accepting his version of the facts and potential evidence as true.

---

[2] I likewise reject Defendants' assertion that amendment should be denied because rather than respond to the Motion to Dismiss, Plaintiff filed the present Motion.  *See Response* [#39] at 5.  I do not find that this rises to the level of a dilatory motive.  To the contrary, it may show that Plaintiff is capable of recognizing alleged weaknesses in his case and attempting to cure those weaknesses.  The Court notes, however, that the Court ordered Plaintiff to respond to the Motion to Dismiss, but Plaintiff failed to do so [Docket No. 29].  It is never appropriate for a party to ignore Court orders.  Future failures to comply with Court orders may subject Plaintiff to sanction, including the possible dismissal of his case.  *See* Fed. R. Civ. P. 41(b).

Therefore, the Court will leave the question of whether Plaintiff is entitled to recovery to be decided on a fully-briefed dispositive motion, if any, addressing the new party and allegations, or at trial.[3]

By contrast to the above futility argument raised by Defendants, the Court notes that they do not also contend that they would be prejudiced if amendment is granted. Prejudice to nonmoving parties has been found to be the most important factor in considering whether amendment should be permitted. *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). While, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," 6 *id.* § 1488, at 670, the Motion was filed at the beginning stages of the case and close in time to the pleading amendment deadline. Given Defendants' failure to address this issue, and the Court's inability to identify any undue prejudice Defendants would suffer from amendment, I find that justice would be served by amendment.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Complaint [Docket No. 33-2] for filing as of the date of this Order. The Clerk shall file Docket No. 33-2 as a separate document titled "Final Amended Complaint." The case caption shall be amended to include Defendant Anthony DeCasaro.

IT IS FURTHER **ORDERED** that Defendants (other than Anthony DeCesaro) shall answer or otherwise respond to the Final Amended Complaint on or before **October 12, 2009**.

IT IS FURTHER **ORDERED** that in conjunction with this Order, the United States

---

[3] The Court expresses no opinion on the merits of any such motion.

Marshal shall be directed to serve a copy of this Order, the Summons and Final Amended Complaint on Defendant Anthony DeCesaro.  After service is accomplished, Defendant DeCesaro shall answer or otherwise respond to the Final Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that **no further amendments shall be permitted**. Plaintiff's operative pleading is not intended to be a moving target and justice is not served by allowing piecemeal amendment into perpetuity.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a 'moving target' to salvage a lost case by untimely suggestion of new theories of recovery . . . in an effort to avoid dismissal . . . .").

Dated:  September 28, 2009

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix