IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00537-WYD-KLM

JACOB IND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
SUSAN JONES;
MARY NELL MCCORMICK;
MCCAIN HILDEBRAND;
RENE OLIVETT;
JAMES W. BROWN; and
ANTHONY DECESARO,

    Defendants.
_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiff's **Motion to Compel Discovery and for Sanctions** [Docket No. 54; Filed November 13, 2009] ("Motion No. 54"); Plaintiff's **Motion to Compel Production of Document** [Docket No. 63; Filed December 21, 2009] ("Motion No. 63"); and Plaintiff's **Motion to Compel** [Docket No. 69; Filed February 19, 2010] ("Motion No. 69"). Defendants responded to Motion No. 63 [Docket No. 66; Filed January 11, 2010], and Plaintiff replied [Docket No. 68; Filed January 29, 2010]. Defendants also responded to Motion No. 69 [Docket No. 73; Filed March 11, 2010], and Plaintiff replied [Docket No. 77; Filed March 29, 2010].

**A.**     **Motion No. 54**

    IT IS HEREBY **ORDERED** that Motion No. 54 is **DENIED as moot**. In Motion No.

54, Plaintiff requests an Order compelling Defendants to respond to Plaintiff's Interrogatories Nos. 1, 2, and 3. Attached to their Response to Plaintiff's Motion No. 63 are Defendants' Responses to Plaintiff's Interrogatories, Request[s] for Production of Documents and Request[s] for Admissions [Docket No. 66, Attachment 1]. Included in that document are responses to the three Interrogatories at issue in Motion No. 54. Accordingly, because Defendants have responded to the Interrogatories at issue, Motion No. 54 is moot.

**B.     Motion No. 63**

IT IS FURTHER **ORDERED** that Motion No. 63 is **DENIED**, for the reasons set forth below. In the Motion, Plaintiff requests an Order compelling production of the document he sought in Request No. 1: Administrative Regulation 1150-02RD. Defendants object to the request because the Administrative Regulation contains confidential security information:

> Defendants object on grounds of privilege to the extent the Request seeks disclosure of confidential security intelligence and information. Plaintiff has attempted to obtain this same restricted administrative regulation by filing an action pursuant to § 24-72-305(7), C.R.S. (the Colorado Criminal Justice Records Act "CCJRA") in the Fremont County District Court, case number 09 CV 21. The Fremont County District Court issued an order on September 27, 2009 that states: "the Court concludes as a matter of law that the Plaintiff is not entitled to review pursuant to the CCJRA of the CDOC's decision to deny him access to a restricted distribution regulation and his complaint therefore fails to state a claim upon which relief can be granted."

*Defendant's Responses to Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions* [#66].

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*,

2

alleging violations of his Constitutional rights. Claim Five of Plaintiff's Complaint addresses Plaintiff's STG classification. *See* Final Amended Complaint, Docket No. 44, Claim Five. Plaintiff alleges that he was classified as an STG member because of his religious beliefs and that the classification carries "negative consequences" that bring to bear on him "intense pressure to change those beliefs." *Id.* ¶ 6.

Federal Rule of Civil Procedure 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted) (noting that "request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the subject matter of the action").

Here, Defendants assert that Administrative Regulation 1150-02RD is protected by the official information privilege. *Response* [#66] at 3. Plaintiff argues that the regulation is necessary to show "view point discrimination and retaliation. If the Defendants failed to follow or apply their regulation in a substantial or rational way in labelling [sic] the Plaintiff's beliefs as STG it shows bias and malice." *Reply* [#68] at 2. He states that he needs the regulation to gauge whether it is unconstitutional as applied or unconstitutional on its face. *Id.*

The Court recognizes that disclosure of a correctional facility's internal policy or regulation may be subject to the "official information" privilege. *See Whitington v. Sokol*, No. 06-cv-01245-EWN-CBS, 2008 WL 435277, at *1-2 (D. Colo. Feb. 14, 2008) (noting that "[f]ederal common law recognizes an 'official information' privilege that extends to security

3

considerations applicable to correctional facilities"); *Everitt v. Brezzel,* 750 F.Supp. 1063, 1066 (D. Colo. 1990) (describing the federal "official information privilege" as "the government's privilege to prevent disclosure of information [when such disclosure] would be contrary to the public interest"); *see also Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (noting that goal of protecting prison security is "beyond question"); *Fourhorn v. City and County of Denver*, — F.R.D. ----, No. 08-cv-01693-MSK-KLM, 2009 WL 3077210, at *4 (D. Colo. Sept. 22, 2009) (noting "ample caselaw addressing issues related to jail or prison security and safety concerns reflects a broad policy against Court interference in matters which affect those concerns").

The official information privilege is not absolute, meaning that the Court must weigh "the interests of the party seeking discovery . . . against the interests of the government entity asserting the privilege." *Ulibarri v. City & County of Denver*, 07-cv-01814-WDM-MJW, 2009 WL 260945, at *3 (D. Colo. Feb. 4, 2009) (citing *Whitington*, 2008 WL 435277, at *1). Plaintiff's interest is in establishing his claim for religious discrimination. He believes that he has been classified as an STG member because of his religious beliefs. He further believes that production of the regulation would assist him in demonstrating Defendants' alleged discrimination. Here, Defendants contend that release of the regulation to Plaintiff would "jeopardize[] the safety and security of the inmate population, CDOC staff, and the public" because the regulation reveals "how guards identify, track, and investigate STG gangs and members." *Response* [#66] at 4. Defendants further explain that if inmates have access to the regulation, "they could more easily circumvent security procedures." *Id.*

The content of the regulation is, at best, tangentially relevant to Plaintiff's Claim Five,

4

and the Court is not convinced that Plaintiff's need for access to the regulation outweighs the potential security risks posed by its disclosure. *See Whitington*, 2008 WL 435277, at *1-2 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)) (noting that official information privilege protected against disclosure of correctional facility policies and interest of party seeking disclosure weighed against interests of government entity asserting privilege); *see also Ulibarri*, 2009 WL 260945, at *4-5 (weighing interest of plaintiff in disclosure versus interest of government in nondisclosure and noting that jail policy implicated safety and security concerns such that a label of "confidential" not sufficient and ordering that portions of policy not be produced to plaintiff); *Castle v. Jallah*, 142 F.R.D. 618, 622 (E.D. Va. 1992) (denying production of prison operating procedures where defendants claimed governmental privilege because concluded that procedures had little relevance to plaintiff's claims and, on balance, "institutional security far outweigh[ed] any need plaintiff may have [had]" for the documents). Moreover, production of the regulation is not the exclusive avenue for Plaintiff to obtain information relating to the reasons for his STG classification and Defendant's alleged discrimination in so classifying him. *See, e.g.*, Fed. R. Civ. P. 33 and 36. Accordingly, the Court finds that Defendant's interest in asserting the privilege outweighs Plaintiff's interest in disclosure of the regulation.

**C.     Motion No. 69**

In Motion No. 69, Plaintiff requests an Order compelling responses to his Interrogatories Nos. 11 and 12. For the reasons set forth below, Motion No. 69 is **DENIED**. The Court considers these two interrogatories in turn.

      i.     Interrogatory No. 11

Interrogatory No. 11: Is DOC aware of any articles or studies conducted by or published by any group or agency which shows that religion tends to have a positive effect on inmates' rehabilitation and, if so, what articles or studies show this?

Response: There are theories both for and against the impact of religion on an inmate's rehabilitation. In reference to offender Ind's specific "religion" there are mostly negative theories. The [CDOC] does not have the reports in its possession.

Plaintiff objects that Defendants' answer to Interrogatory No. 11 is "evasive or incomplete." *Motion No. 69* [#69] at 1.[1] Defendants respond that the Response is complete because although the CDOC is "aware" of such theories, Defendant CDOC "does not have the reports in its possession" and "cannot recall specific articles reviewed regarding this issue." *Response* [#73] at 2. Defendants thus represent that they do not possess the information that Plaintiff seeks; the Court cannot order Defendants to produce something that they do not have. Accordingly, Plaintiff's objection as to Defendants' response to Interrogatory No. 11 is **OVERRULED**.

    ii.    Interrogatory No. 12

Interrogatory No. 12: What is the wording of the DOC regulation which provides for an inmate to challenge an STG [Security Threat Group or gang] classification levied against him?

Objection: Defendants object on the grounds of privilege to the extent the Request seeks disclosure of confidential security intelligence and information.

Plaintiff argues that Defendants have wrongfully withheld the requested regulation. Plaintiff points to Defendants' answer to his Request for Admission No. 2 as support that such a regulation exists and should be provided to him. *Motion No. 69* [#69] at 2. Request

---

[1] In his Reply, Plaintiff contends that Defendants' responses to Requests Nos. 1 and 2 are invalid because Defendants did not provide a statement swearing to their truthfulness. *Reply* [#77] at 2-3. Defendants' responses contain the necessary certification. *See Defendants' Responses to Plaintiff's Interrogatories, Request for Production of Documents and Request for Admission* [#66] at 5; Fed. R. Civ. P. 26(g).

No. 2 and Defendants' response are as follows:

> Request No. 2: An inmate cannot challenge an [sic] STG classification levied against him by DOC.
>
> Response: Defendants deny that an inmate cannot challenge a STG classification. An inmate can request in writing reconsideration based on facts and individual circumstance.

Defendants explain in their Response to Motion No. 69 that they objected to Interrogatory No. 12 to the extent that it requested Administrative Regulation 1150-02RD. *Response* [#73] at 2-3. As discussed above, the Court has denied Plaintiff's request in Motion No. 63 for production of that regulation. Defendants further explain that to the extent Plaintiff requested a different regulation, no such formal regulation exists. *Id.* at 3. Rather, an inmate may, using an informal process, request reconsideration of his STG classification. *Id.* Defendants' response to Request No. 2 is consistent with this explanation. Again, the Court cannot order production of information that Defendants do not possess. Accordingly, Plaintiff's objection to Defendants' response to his Interrogatory No. 12 is **OVERRULED**.

Dated: April 8, 2010

                                                    BY THE COURT:
                                                    s/ Kristen L. Mix
                                                    U.S. Magistrate Judge
                                                    Kristen L. Mix