IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00537-WYD-KLM

JACOB IND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
SUSAN JONES;
MARY NELL MCCORMICK;
MCCAIN HILDEBRAND;
RENE OLIVETT;
JAMES W. BROWN; and
ANTHONY DECESARO,

    Defendants.
_____

# ORDER GRANTING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Stay of Discovery** [Docket No. 82; Filed April 20, 2010] (the "Motion"). Defendant filed a Response in opposition to the Motion on April 28, 2010 [Docket No. 88]. A reply would not materially assist the resolution of the Motion.

In the Motion, Plaintiff requests a stay of discovery until the final resolution of Defendants' Motion to Dismiss [Docket No. 50]. A Recommendation for resolution of the Motion to Dismiss is pending [Docket No. 75]. Plaintiff states that he would like to take depositions, but he does not want to expend the resources regarding claims that ultimately may be dismissed. The discovery deadline in this matter is currently May 1, 2010. Defendants oppose the relief requested and argue that Plaintiff has had ample time to conduct all types of discovery within the discovery deadline.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Although stays are generally disfavored, the Court agrees that it would be costly and inefficient to conduct depositions until resolution of the pending dispositive motion. Although the Court does not condone Plaintiff's unilateral decision to postpone depositions, a decision which now leaves him unable to satisfy the present discovery deadline, on balance, I find that a stay of discovery is reasonable here.

The Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances the impact of a stay on both parties. *Id.* Given the cost associated with taking depositions, particularly for a prisoner proceeding *pro se*, despite Defendants' argument that Plaintiff unreasonably delayed in conducting these depositions, I find that the propriety of a stay weighs in favor of Plaintiff.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason issues should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that discovery is **STAYED** until such time as my Recommendation on the Motion to Dismiss [#75] is resolved. Upon resolution, the parties shall have **sixty (60) days** from the date of the ruling by the District Court Judge to schedule and complete depositions on the remaining issues. No further types of discovery shall be permitted.

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the dispositive motions deadline to **ninety (90) days** from the date of the ruling by the District Court Judge on the pending dispositive motion.

Dated: May 3, 2010

BY THE COURT:
  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge