IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00537-WYD-KLM

JACOB IND,

 Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
SUSAN JONES;
MARY NELL MCCORMICK;
MCCAIN HILDEBRAND;
RENE OLIVETT; and
JAMES W. BROWN,

 Defendants.

_____

**ORDER AFFIRMING AND ADOPTING IN PART AND OVERRULING IN PART
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

I. INTRODUCTION

This matter is before the Court on the Defendants' Motion to Dismiss Final Amended Complaint, filed October 9, 2009 [#50]. The motion was referred to Magistrate Judge Mix for a recommendation by memorandum dated October 13, 2009. Magistrate Judge Mix issued a Recommendation on March 23, 2010 [#75], which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that the motion be granted in part and denied in part. *See* Recommendation at 25-26. Specifically, Magistrate Judge Mix recommends that the motion be denied as to: (1) Plaintiff's claim

for injunctive relief against Defendant Colorado Department of Corrections ("CDOC") and individual Defendants McCormick, Hildebrand, and DeCesaro in their official capacities pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") based upon denial of the opportunity to take communion alone in his cell; and (2) Plaintiff's claim for injunctive relief against Defendant CDOC and individual Defendants Jones and Hildebrand in their official capacities pursuant to RLUIPA based on denial of religious texts fundamental to his religion. Magistrate Judge Mix further recommends that summary judgment in favor of Defendants be granted as to all of Plaintiff's remaining claims, and that those claims be dismissed without prejudice. Finally, Magistrate Judge Mix recommends that Plaintiff be permitted to file an Amended Complaint.

On April 12, 2010, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). The Defendants filed a Response to Plaintiff's Objection on April 30, 2010.

II.     ANALYSIS OF OBJECTIONS

    A.     <u>Background</u>

According to Plaintiff's "Final Amended Complaint," filed September 28, 2009 [ECF No. 44], Plaintiff is currently incarcerated at the Colorado State Penitentiary ("CSP"). CSP is a maximum-security/administrative segregation facility with the highest security level classification within the CDOC. Plaintiff was placed in administrative segregation on October 7, 2009. Plaintiff is a follower of Christian Separatism which

-2-

falls under the umbrella of the "Christian Identity" or "Identity Christian" religion. Plaintiff challenges CSP policy to prohibit all inmates classified in administrative segregation from participating in any correspondence courses and its policy limiting the number of books and magazines that such an inmate can possess at one time. In addition, Plaintiff contends that he has not been allowed to partake in communion since his arrival at CSP. Plaintiff initiated the instant case pursuant to 42 U.S.C. § 1983 claiming that CSP and/or CDOC policies and practices unconstitutionally inhibit his ability to practice his religion. Plaintiff also challenges CDOC's classification of Plaintiff as belonging to a security threat group ("STG") based on his affiliation with the Christian Separatists.

In his Final Amended Complaint Plaintiff brings five separate claims based on allegations that Defendants have (1) improperly banned religious correspondence courses at CSP, (2) improperly imposed book and (3) magazine limits, (4) improperly denied Plaintiff the opportunity to take communion, and (5) improperly classified Plaintiff as belonging to a Security Threat Group ("STG"). Plaintiff contends that each of these practices violates his rights under the First and/or Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, and state constitutional law and C.R.S. § 17-42-101. Plaintiff requests injunctive and declaratory relief against Defendants in their individual and official capacities, punitive and nominal damages from Defendants in their individual capacities, and compensatory damages to replace 13 books. Defendants are CDOC employees at CSP and Defendant Jones is the Warden at CSP.

B.  Section 1983 Claims

Magistrate Judge Mix recommends dismissal of all of Plaintiff's section 1983 claims. First, Magistrate Judge Mix found that to the extent Plaintiff sought to bring claims against Defendant CDOC or against the individual Defendants in their official capacities, his claims were barred by the Eleventh Amendment. *See* Recommendation at 6-7. With respect to Plaintiff's claim that Defendants' enforcement of various CDOC policies violated his First and Fourteenth Amendment rights, Magistrate Judge Mix found that, except for Plaintiff's allegations against Defendant McCormick in claim four, he failed to allege that any of the individual Defendants personally participated in the claimed unconstitutional conduct. *See* Recommendation at 9-11. As to Defendant McCormick, Magistrate Judge Mix found that she was entitled to qualified immunity. *See* Recommendation at 11-16. In addition, Magistrate Judge Mix recommended that Plaintiff's claim for punitive and compensatory be dismissed. *See* Recommendation at 9, n. 2; 16-17.

1.  Personal Participation

I first address Plaintiff's contention that Magistrate Judge Mix erred when she recommended dismissal of Plaintiff's § 1983 claims against Defendants Jones, McCormick[1], Hildebrand, Olivett, Brown, and DeCesaro for lack of personal participation. *See* Recommendation at 9-11. Plaintiff contends that Defendant Jones personally participated in the alleged constitutional violations by enforcing the CDOC and CSP policies at issue. However, Plaintiff's only allegations with respect to the

---

[1] I separately address Plaintiff's allegations against Defendant McCormick as part of his claim four.

remaining Defendants are that they "personally participated" by denying his grievances concerning enforcement and application of the challenged policies. I agree with Magistrate Judge Mix that Plaintiff has failed to establish the personal participation of Defendants McCormick, Hildebrand, Olivett, Brown and Decessaro. Plaintiff's allegations that these Defendants denied various grievances, standing alone, is insufficient to establish the personal participation of these Defendants in the alleged constitutional violations. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir. 1007). Contrary to Plaintiff's contention, Defendants' alleged participation in the grievance process does not constitute "acquiescence" in the alleged constitutional violations.

As to Defendant Jones, Magistrate Judge Mix found that Plaintiff's allegations concerning Defendant Jones's responsibility for prison policies was not a sufficient link between the alleged violations and Plaintiff's claimed harm. In his Final Amended Complaint Plaintiff alleged that Defendant Jones, as Warden of CSP, "enacted and/or reviewed and approved" the policies banning all correspondence courses at CSP and limiting the number of books and magazine subscriptions. I agree with Magistrate Judge Mix that pursuant to *Whitington v. Ortiz*, 307 Fed.Appx. 179, (10th Cir. 2009), these facts are insufficient to demonstrate Defendant Jones's personal participation in any alleged constitutional violations. Similar to the allegations asserted against the Defendant in *Whitington*, the allegations against Defendant Jones in this case are simply that she is responsible for policies which Plaintiff claims are unconstitutional as applied to him. *Whitington*, 307 Fed.Appx at 190. The challenged policies are clearly within the State's established right to manage its prisons and are not unconstitutional on

their face. *Id.* at 191 (citing *Lewis v. Casey*, 518 U.S. 343, 360-61 (1996)). I find that Plaintiff has failed to allege personal participation on the part of Defendant Jones, and I affirm Magistrate Judge Mix's recommendation that Plaintiff's section 1983 claims against Defendant Jones be dismissed for lack of personal participation.

In addition, I affirm Magistrate Judge Mix's recommendation that Plaintiff's claim five be dismissed. In claim five, Plaintiff challenges his alleged improper classification as a member of a STG. I agree with Magistrate Judge Mix that claim five does not allege personal participation by any of the individual Defendants.

Finally, I affirm Magistrate Judge Mix's recommendation that Plaintiff's claim for compensatory damages be dismissed. Again, Plaintiff has failed to allege personal participation by any of the Defendants in connection with the alleged deprivation of his books.

### 2. Qualified Immunity

I next address Plaintiff's objection to the dismissal of his claim four against Defendant McCormick based on qualified immunity. With respect to this claim, Magistrate Judge Mix found that Plaintiff had articulated some personal participation by Defendant McCormick by alleging that Defendant McCormick, as Programs Manager, denied Plaintiff the opportunity to take communion in his cell when requested.[2] Magistrate Judge Mix found that Defendant McCormick was entitled to qualified immunity as to this claim because Plaintiff had not alleged a violation of clearly

---

[2]CDOC currently classifies communion as a group practice and Plaintiff has challenged the denial of his request to take communion in his cell as an individual practice.

established law.  Magistrate Judge Mix noted that one of the factors for evaluating whether a regulation or policy which inhibits a religious practice is nevertheless reasonable is "whether alternative means of exercising the right are available notwithstanding the policy or regulation."  Recommendation at 15-16, citing *Kay v. Bemis*, 500 F.3d at 1219.  Magistrate Judge Mix further noted that Plaintiff admits in his complaint that an "alternative means" exists: he can request that CDOC authorize his communion as an individualized practice, but that he has failed to do so because such a request could be time-consuming.

I agree with Magistrate Judge Mix and that Defendant McCormick is entitled to qualified immunity as to this claim.  Plaintiff has failed to articulate any case law that clearly articulates his alleged constitutional right to receive communion as an individual practice in his cell, or that refusal to permit this practice unreasonably inhibits Plaintiff's ability to practice his religion.  I deny Plaintiff's objection and affirm Magistrate Judge Mix's recommendation that Defendant McCormick is entitled to qualified immunity on this claim.

### 3. Punitive Damages

Plaintiff next objects to dismissal of his claim for punitive damages.  While he agrees that in order to seek punitive damages he must claim that Defendants acted with evil intent or reckless indifference, he contends that his allegations that Defendants disregarded the law are sufficient.  I disagree.  Plaintiff's allegations that Defendants disregarded or misapplied the law do not rise to the level of evil intent or reckless indifference required to justify an award of punitive damages.  As Magistrate Judge Mix correctly noted, "[A]n award of punitive damages requires an assessment of [the

defendant's] subjective state of mind." See Recommendation at 16 (quoting *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989)). Here, Plaintiff has alleged only an objective failure of Defendants to apply the challenged policies in a constitutional manner. Thus, this objection is denied.

### 4. Injunctive Relief

I now turn to Plaintiff's objection to Magistrate Judge Mix's recommendation that his claims for injunctive and declaratory relief against Defendants in their official capacities be dismissed. Based on the Eleventh Amendment's prohibition against states and their officers from suit in their official capacities, Magistrate Judge Mix found that "to the extent that Plaintiff makes any constitutional claim under section 1983 against Defendant CDOC or against the individual Defendants in their official capacities, his claims must be dismissed." See Recommendation at 6. Nevertheless, Plaintiff contends that the Eleventh Amendment does not preclude his claim for prospective injunctive relief.

To the extent that Plaintiff is attempting to hold the Defendants liable for damages in their official capacities, his suit is barred by the Eleventh Amendment. Suits against public officials in their official capacity are in reality suits against the state. Such suits are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159 (1985). Under this analysis, neither a State nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, the Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of his or her federal civil rights. *See Ex parte Young*, 209 U.S. 123, 159-60

(1908). However, this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998).

In his Final Amended Complaint Plaintiff states that he seeks injunctive and declaratory relief from Defendants in "both their individual and official capacities." Based on *Ex Parte Young*, I conclude that Plaintiff may maintain an action against the individual Defendants in their official capacities to the extent he seeks prospective injunctive relief. Therefore, I overrule Magistrate Judge Mix's recommendation regarding Plaintiff's official capacity claims against the individual Defendants for prospective injunctive relief, and will allow these claims to go forward.

Because I affirm Magistrate Judge Mix's recommendation as to the dismissal of Plaintiff's § 1983 claims against CDOC and the individual Defendants in their individual capacities, I need not address Plaintiff's separate objections to the dismissal of his First and Fourteenth Amendment claims.

### C. RLUIPA Claims

With respect to Plaintiff's claims brought pursuant to RLUIPA, Magistrate Judge Mix found that RLUIPA does not create a cause of action against individuals and that Plaintiff's RLUIPA claims against Defendants in their individual capacities must fail as a matter of law. In addition, Magistrate Judge Mix found that RLUIPA provides only for injunctive and declaratory relief and does not allow for suits for damages. *See* Recommendation at 7-8. Based on these findings, Magistrate Judge Mix concluded that Plaintiff's only viable RLUIPA claims are against Defendants in their official

capacities for injunctive and declaratory relief.  In addition, Magistrate Judge Mix found that Plaintiff's fifth claim fails to state a claim under RLUIPA, but that Plaintiff could proceed on his claims for injunctive relief based upon his alleged denial of the opportunity to take communion alone in his cell (claim 4) and denial of religious texts (claim 2).  *See* Recommendation at 17-24.

Plaintiff first objects to Magistrate Judge Mix's conclusion that RLUIPA does not allow for damages.  Plaintiff asserts that RLUIPA confers "statutory" rights and that under a qualified immunity analysis, officials are not immune from damages if they violate clearly establish statutory rights.  The authorities cited by Plaintiff in his Objection, which analyze individual damages claims under RLUIPA, are non-binding decisions from district courts in judicial districts outside the District of Colorado.  *See, e.g. Smith v. Haley*, 401 F.Supp.2d 1240, 1247 (M.D. Ala. 2005).  Moreover, although the Tenth Circuit conducted a qualified immunity analysis as to several claims, including a RLUIPA claim, in *Ahmad v. Furlong*, 435 F.3d 1196 (10th Cir. 2006), the Court did not directly address whether RLUIPA allows for claims against individuals.  Courts that have directly addressed this issue, both district courts in this Circuit and the Eleventh and Fourth Circuit Courts of Appeal, have concluded that RLUIPA does not create a cause of action against individuals, and does not allow for monetary relief.  *See Boles v. Neet*, 402 F.Supp.2d 1237, 1240 (D. Colo. 2005); *see also Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007); *Madison v. Commonwealth of Va.*, 474 F.3d 118, 131-32 (4th Cir. 2006).  I am persuaded by the reasoning in *Boles* and affirm Magistrate Judge Mix's conclusion that Plaintiff's only viable RLUIPA claims are against Defendants in their official capacities for injunctive and declaratory relief.

Plaintiff also objects to Magistrate Judge Mix's recommendation that his claim five, based on his alleged improper classification as belonging to a STG, be dismissed because Plaintiff has failed to allege that Defendants' conduct "places a substantial burden on his beliefs." *See* Recommendation at 20. In his Objection, Plaintiff states that Defendants' decision to label him as a STG member has negative consequence because the label "pressures him to change his religion to avoid those consequences and to abandon beliefs DOC considers 'racist.'"

To state a claim for relief under RLUIPA, a Plaintiff must allege that "the prohibited activity is a religious exercise and that the defendant substantially burdened that exercise." *Hammons v. Jones*, 2006 WL 353448 at *2 (N.D. Okla., Feb. 14, 2006). Plaintiff asserts that his classification as belonging to a STG "burdens" his beliefs because he faces intense pressure to change his beliefs to avoid persecution and negative consequences. I find these allegations vague and conclusory. Plaintiff does not sufficiently explain what type of "pressure" he faces, or how this "pressure" impacts a religious exercise or his ability to practice his religion. I agree with Magistrate Judge Mix that these allegations are insufficient, and I affirm her conclusion that the allegations in Plaintiff's claim five do not state a claim under RLUIPA.

D.  State Law Claims

Magistrate Judge Mix found that Plaintiff's request for injunctive and declaratory relief pursuant to state law were barred by the Eleventh Amendment and must be dismissed. *See* Recommendation at 24 (citing *Pennhurst State Sch. v. Hosp. Halderman*, 465 U.S. 89, 106 (1984)). Plaintiff has not articulated any specific objection to this portion of the Recommendation. I agree with Magistrate Judge Mix and affirm

her recommendation that Plaintiff's state law claims be dismissed.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of March 23, 2009 [#75] date is

**AFFIRMED AND ADOPTED IN PART AND OVERRULED IN PART**. The Recommendation is overruled only as to Magistrate Judge Mix's recommendation to deny Plaintiff's official capacity claims against the individual Defendants for prospective injunctive relief. I will allow those claims to go forward. The Recommendation is affirmed and adopted in all other respects. In accordance therewith, it is

ORDERED that the Defendants' Motion to Dismiss Final Amended Complaint, filed October 9, 2010 [#50] is **GRANTED IN PART and DENIED IN PART**, as set forth herein. It is

FURTHER ORDERED that Plaintiff may file an Amended Complaint on or before **Friday, October 22, 2010**.

Dated: September 30, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge