IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00537-WJM-KLM

JACOB IND,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
SUSAN JONES;
MARY NELL MCCORMICK;
MCCAIN HILDEBRAND;
RENE OLIVETT;
JAMES W. BROWN; and
ANTHONY DECESARO,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Sanctions** [Docket No. 123; Filed January 14, 2011] (the "Motion").  The Court directed Defendants to file a Response on or before February 4, 2011 [Docket No. 126], and Defendants have now done so [Docket No. 127].  Plaintiff was not permitted to file a reply.  Accordingly, the Motion is fully briefed and is ripe for resolution.  For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Plaintiff, who is a prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 and Colo. Rev. Stat. § 17-42-10 and alleges violations of his federal and state constitutional rights.  His claims pertain to the Colorado Department

of Corrections' ("CDOC") polices related to book and magazine limitations, religious rights, and his classification as a member of a security threat group ("STG").

In the Motion, Plaintiff contends that "Defendants frustrated the fair examination of witnesses in depositions which were held." *Motion* [#123] at 3. Specifically, Plaintiff contends that during the deposition of Warden Susan Jones, defense counsel would not permit the deponent to answer questions about the "justification for the policies involved in the case" on the basis of a security/privilege objection. *Id.* at 1-2. Plaintiff also contends that Defendants unreasonably failed to cooperate in the scheduling of depositions thus requiring Plaintiff to expend time and money to seek Court assistance. *Id.* at 3. Plaintiff requests that the Court order Defendants "to submit to depositions concerning the facts they avoided in their prior deposition and for them to pay for those depositions and the cost of transcribing them." *Id.* In addition, Plaintiff requests that Defendants be sanctioned in the amount of $15.68 for Plaintiff's expense in filing a motion to compel to address Defendants' alleged failure to cooperate in scheduling depositions. *Id.*

In their Response, Defendants refute that their conduct justifies the imposition of sanctions. First, Defendants contend that Plaintiff unilaterally set a deposition on a date where counsel was unavailable. *Response* [#127] at 2. When counsel informed him of this fact, Plaintiff filed a motion to compel which was ultimately denied because the parties were able to conduct the deposition at a later time. *See Order* [#120] at 1.

Second, Defendants explain that

Plaintiff appears to complain about objections pertaining to his questions relating to the construction of weapons by inmates and security procedures used in conducting cell searches. Specifically, undersigned counsel objected to questions designed to elicit information concerning how inmates construct weapons from paper materials. Questions were permitted to the extent the

2

warden felt comfortable answering the question without revealing to [Plaintiff] details concerning construction of weapons . . . . Questions were also interposed with respect to questions relating to specific policy and procedures for inmate cell searches.

*Response* [#127] at 3 (citations omitted).   Defendants argue that these objections are reasonable based upon the "official information" privilege.  Specifically, Defendants allege that "Plaintiff's interest in obtaining information relating to the construction of weapons from paper as well as the procedures for searching books and magazines is outweighed by the CDOC's interest in maintaining security and safety of staff and other inmates."  *Id.* at 4.

The Court summarily resolves Plaintiff's contention that Defendants were uncooperative in scheduling depositions and should be sanctioned.  Viewing each side's characterization of the events surrounding the scheduling of the deposition at issue here, the Court finds that Plaintiff has failed to show that Defendants' conduct warrants the imposition of sanctions.  Although the Court credits Plaintiff's frustration regarding defense counsel's delay in responding to Plaintiff's attempts to set the deposition, it is unclear whether Plaintiff attempted to confer with Defendants in an effort to resolve his concerns prior to filing the motion to compel.[1]  Indeed, had the parties conferred as required pursuant to Fed. R. Civ. P. 37(a)(1), it is likely that they would have been able to resolve the scheduling issue prior to Plaintiff expending time and money in filing the motion to compel. Under these circumstances, the Court finds that Plaintiff is not entitled to relief.

The Court also addresses Plaintiff's contention that Defendants unreasonably

---

[1] Although the Court notes that Plaintiff sent Defendants a letter indicating that it was impossible to reschedule the deposition after it had been set [Docket No. 114 at 11], I do not view this letter as an attempt to confer and reach an amicable resolution prior to filing the motion to compel.

withheld information at the deposition.  As a preliminary matter, Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *See also Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted) (noting that "request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the subject matter of the action").

Although not entirely clear, it appears that the information at issue relates to Plaintiff's book and magazine limitations claims and possibly his religious rights claim. Defendants assert that Plaintiff's questions were attempting to elicit information protected by the official information privilege.  *Response* [#127] at 4-5.  Further, Defendants argue that Plaintiff's need for this information is questionable given his transfer to a new facility with different book and magazine limitations policies which arguably moots the claims the discovery is meant to address.  *Id.* at 3 n.1 & 5.  By contrast, Plaintiff argues that the information is necessary to evaluate the validity of Defendants' justifications for their policies and, specifically, whether they are employing the least restrictive means.  *Motion* [#123] at 1-2.

The Court resolved a similar issue between the parties and held that the official information privilege protected the disclosure of an administrative regulation related to the CDOC's STG tracking policies.  *Order* [#78] at 2-5.  As in my prior Order, the Court recognizes that disclosure of the CDOC's internal policies or regulations may be subject to the official information privilege.  *See Whitington v. Sokol*, No. 06-cv-01245, 2008 WL 435277, at *1-2 (D. Colo. Feb. 14, 2008) (unpublished decision) (noting that "[f]ederal

4

common law recognizes an 'official information' privilege that extends to security considerations applicable to correctional facilities"); *see also Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990) (describing the federal "official information privilege" as "the government's privilege to prevent disclosure of information [when such disclosure] would be contrary to the public interest").

The official information privilege is not absolute, meaning that the Court must weigh "the interests of the party seeking discovery . . . against the interests of the government entity asserting the privilege." *Ulibarri v. City & County of Denver*, 07-cv-01814, 2009 WL 260945, at *3 (D. Colo. Feb. 4, 2009) (unpublished decision) (citing *Whitington*, 2008 WL 435277, at *1). As noted above, Plaintiff's apparent interest is in obtaining discovery relating to his books and magazines limitations claims and possibly in relation to his religious rights claim. Plaintiff has not alleged, nor can the Court readily discern, that any of the subject information relates to his STG classification claim. Plaintiff's interest is weighed against Defendants' interest in not revealing "information relating to the manufacture of weapons from paper items" or any information which would "aid in the circumvention of cell searches by revealing how guards search books and magazines," their methods, their directions, the difficulties they encounter, etc. *Response* [#127] at 4-5.

After reviewing excerpts of the deposition transcript attached to the Motion, the Court is not convinced that (1) Defendants withheld information to the level complained of by Plaintiff or (2) if they did, that Plaintiff's need for access to this information outweighs the potential security risks posed by its disclosure. *See Whitington*, 2008 WL 435277, at *1-2); *Ulibarri*, 2009 WL 260945, at *4-5 (weighing interest of plaintiff in disclosure versus interest of government in nondisclosure and noting that jail policy implicated safety and security

concerns such that a label of "confidential" not sufficient and ordering that portions of policy not be produced to plaintiff); *see also Castle v. Jallah*, 142 F.R.D. 618, 622 (E.D. Va. 1992) (denying production of prison operating procedures where defendants claimed governmental privilege, procedures had little relevance to plaintiff's claims and, on balance, "institutional security far outweigh[ed] any need plaintiff may have [had]" for the documents).  In addition, the Court rejects Plaintiff's argument that because searches are conducted in front of inmates, CDOC's polices underlying those searches cannot be reasonably said to be confidential or privileged.  *See Motion* [#123] at 2.

Accordingly, the Court agrees with Defendants that the information at issue is protected from disclosure by the government information privilege.  Further, the Court finds that Plaintiff has failed to clearly articulate how this information is relevant to his claims or necessary to prove those claims so as to overcome Defendants' interest in maintaining the confidentiality of this information.  Under these circumstances, the Court finds that Plaintiff is not entitled to relief.

Dated:  February 9, 2011

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix