IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00537-WJM-KLM

JACOB IND,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MARY NELL MCCORMICK, and
UNKNOWN EMPLOYEES OF CSP AND CDOC,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Vacate January 26, 2012 Preliminary Scheduling Conference** [Docket No. 153; Filed January 23, 2012] (the "Motion"). Despite the title, the content of the Motion demonstrates to the Court that the Motion is more aptly construed as a motion to stay discovery and case scheduling pending the adjudication of Defendants Colorado Department of Corrections ("CDOC") and Mary Nell McCormick's Motion to Dismiss All Claims on Mootness and Sovereign Immunity Grounds [Docket No. 151; Filed January 20, 2012]. For the reasons stated below, the Court **GRANTS** Defendants' Motion.

## I. Procedural Background

In an Order entered January 19, 2012 [#148], the District Court narrowed the claims asserted in Plaintiff's Second Amended Complaint [#103] to the following:

1) Claim One is limited to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;

2) Claim Two is limited to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;

3) Claim Three is limited to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;

4) Claim Four is limited to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief and to the First Amendment free exercise claim asserted against Defendants CDOC and McCormick in her official capacity for injunctive and declaratory relief; and

5) Claim Five is limited to the RLUIPA claim asserted against Defendant CDOC and to the First Amendment retaliation claim asserted against Defendant CDOC and the John Doe Defendants in their official capacities for injunctive and declaratory relief.

In response to these remaining claims, Defendants CDOC and McCormick ("Defendants") filed a Motion to Dismiss All Claims on Mootness and Sovereign Immunity Grounds [#151]. The Motion to Dismiss is referred to the undersigned for recommendation [#152]. Defendants contend that the restricted conditions giving rise to Plaintiff's RLUIPA claims are no longer imposed, as Plaintiff has been transferred to the general population at the Limon Correctional Facility. Therefore, Defendants suggest that to the extent Plaintiff's remaining claims are premised on such conditions, the claims are now moot. *See* [#151] at 5-6. Furthermore, Defendants argue that Eleventh Amendment immunity bars Plaintiff's claims against Defendant CDOC and Defendant McCormick in her official capacity. *Id.* at 14-15. Defendants ask the Court to dismiss all of Plaintiff's remaining

claims for these reasons. *Id.* at 15.

In the Motion at issue, Defendants ask the Court to vacate the Preliminary Scheduling Conference set for January 26, 2012, pending adjudication of the Motion to Dismiss. Defendants contend that the interest of judicial economy weighs in favor of "avoiding situations where the Court would issue orders of no effect," in light of their assertion that Plaintiff's remaining claims are barred by considerations of jurisdiction and immunity. [#153] at 4, 5. This request is effectively a request for a stay of discovery and case management scheduling.

## II. Analysis

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a

dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

The doctrine of Eleventh Amendment sovereign immunity bars "a citizen from suing his own State under the federal-question head of [subject-matter] jurisdiction." *Alden v. Maine*, 527 U.S. 706, 727 (1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 14-15 (1890)). The doctrine applies whether the relief sought is legal or equitable, *Papasan v. Allain*, 478 U.S. 265, 276 (1986), and it "confers total immunity from suit, not merely a defense to liability," *Ambus v. Granit Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993). The Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacity, in the absence of an explicit waiver. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

In this matter, Plaintiff's remaining claims are limited to the CDOC, which is an agency of the State of Colorado, as well as Defendant McCormick in her official capacity, for injunctive and declaratory relief only. Although the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law," *Johns*, 57 F.3d at 1552 (citation omitted), Defendants contend that due to Plaintiff's transfer, prospective injunctive relief is improper as "Plaintiff cannot establish a good chance of future injury." [#151] at 12. The Court thus finds that Plaintiff's remaining claims are potentially precluded by Eleventh Amendment sovereign immunity. In consideration of the Tenth Circuit's instruction regarding the protections inherent in Eleventh Amendment immunity, the Court concludes that a stay is appropriate pending resolution of the immunity issue as raised in the Motion to Dismiss.

Consideration of the *String Cheese Incident* factors prompts no different result. The factors for the Court's review include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

Regarding the first factor, this case has been ongoing for nearly three years. The potential of further delay of the adjudication of Plaintiff's remaining claims, in the face of mootness and immunity arguments, is not persuasive in the context of this matter's convoluted procedural history. The Court finds that this factor does not weigh against the imposition of a stay. In light of the above-stated case law, the burden on the state

defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts, as related to the second factor.

The third factor concerning the convenience to the Court weighs heavily in favor of a stay. The Motion to Dismiss not only challenges this Court's subject matter jurisdiction, which must be satisfied at all stages of litigation, but also could dispose of the Second Amended Complaint in its entirety. Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved. Consideration of the fourth and fifth factors does not sway the Court from its conclusion. Weighing the *String Cheese Incident* factors as well as the law favoring a stay of proceedings when immunity and jurisdiction are at issue, the Court concludes that a stay of discovery and case management scheduling is appropriate, pending adjudication of Defendants' Motion to Dismiss.

## III. Conclusion

IT IS HEREBY **ORDERED** that **Defendants' Motion to Vacate January 26, 2012 Preliminary Scheduling Conference** [Docket No. 153; Filed January 23, 2012] is **GRANTED**. The Preliminary Scheduling Conference set for January 26, 2012, at 11:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that discovery and scheduling in this matter are hereby **STAYED** pending resolution of Defendants' Motion to Dismiss [#151]. The Court will reset the Preliminary Scheduling Conference, if necessary, after resolution of the Motion to Dismiss.

The Court reminds Plaintiff that pursuant to D.C.COLO.LCivR 7.1C., his Response to Defendants' Motion to Dismiss is due on or before **February 14, 2012**.

Dated: January 23, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge