IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00537-WJM-KLM

JACOB IND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MARY NELL MCCORMICK, and
UNKNOWN EMPLOYEES OF CSP AND CDOC,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants Colorado Department of Corrections and Mary Nell McCormick's Motion to Dismiss All Claims on Mootness and Sovereign Immunity Grounds** [Docket No. 151; Filed January 20, 2012] (the "Motion"). The Motion is referred to this Court for recommendation [#152]. Plaintiff filed a Response on February 15, 2012 [#159], and Defendants submitted a Reply on [#160]. The Court has reviewed the briefing, the case record, and the applicable law, and is fully advised in the premises. For the reasons stated below, the Court respectfully recommends that Defendants' Motion be **GRANTED**.

### I. Factual and Procedural Background

Plaintiff initiated this lawsuit *pro se* on February 27, 2009. *See* [#1]. Plaintiff is currently incarcerated at the Limon Correctional Facility ("LCF") in Limon, Colorado. *Notice*, [#146]; *Inmate Locator*, [#151-1]. At the time of the filing of the lawsuit, Plaintiff was

incarcerated at Colorado State Penitentiary ("CSP"). CSP is a maximum-security/administrative segregation facility and is classified as "Level V," the highest security level within the Colorado Department of Corrections ("CDOC") system. *See* Colo. Rev. Stat. § 17-1-104.3.

Plaintiff identifies himself as a follower of "Christian Separatism," a group within the larger religion known as "Christian Identity." *See Am. Compl.,* [#103] at 3. This religion has been described as "rest[ing] upon White Supremacy principles, teaching that all other races and religions are inferior." *Ind v. Wright*, 52 F. App'x 434, 436 (10th Cir. 2002) (unpublished decision); *see also Rooks v. Zavares*, No. Civ. 99-B-631, 2001 WL 34047959, at *1 (D. Colo. Jan. 24, 2001) (unpublished decision) (describing beliefs of Christian Identity followers). The instant lawsuit arises from Plaintiff's claims that CDOC policies imposed at CSP unconstitutionally inhibit his ability to practice his religion and that he has been unlawfully given a security classification because of his beliefs.

The operative pleading is the Amended Complaint filed October 25, 2010. [#103]. In the Amended Complaint, Plaintiff alleges violations of federal constitutional law and brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.* Defendants responded to the Amended Complaint on November 17, 2010 with a Motion to Dismiss (the third motion to dismiss filed in this matter). [#112]. The third Motion to Dismiss was granted in part and denied in part by a Recommendation issued April 7, 2011 [#137] and a subsequent Order issued January 19, 2012 [#148]. The remaining claims are as follows:

 1) Claim One regarding the ban on religious correspondence courses at CSP only as to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;

 2) Claim Two regarding the book limits imposed at CSP only as to the

> RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;
>
> 3) Claim Three regarding the magazine limits imposed at CSP only as to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief;
>
> 4) Claim Four regarding the deprivation of the opportunity to take communion at CSP only as to the RLUIPA claim against Defendant CDOC for injunctive or declaratory relief, and as to the First Amendment free exercise claim asserted against Defendants CDOC and McCormick in her official capacity for injunctive and declaratory relief; and
>
> 5) Claim Five regarding the classification of Plaintiff as a member of a Security Threat Group ("STG") based upon his political and religious beliefs, which allegedly caused his placement at CSP, only as to the RLUIPA claim asserted against Defendant CDOC and as to the First Amendment retaliation claim asserted against Defendant CDOC and the John Doe Defendants in their official capacities for injunctive and declaratory relief.

The Court previously set a deadline for the filing of dispositive motions at thirty days after the resolution of Defendants' third Motion to Dismiss. [#136]. Defendants timely filed the instant Motion on January 20, 2012, pursuant to Fed. R. Civ. P. 12(b)(1). [#151]. In their Motion, Defendants ask the Court to dismiss the remaining claims on the basis of mootness, because "(1) Plaintiff is no longer in administrative segregation or housed in CSP; (2) these claims concern policies at CSP; and (3) no reasonable expectation exists that Plaintiff will be returned to administrative segregation or CSP." *Id.* at 5. Defendants additionally assert that sovereign immunity precludes the remaining claims, because Congress did not abrogate sovereign immunity through the enactment of 42 U.S.C. § 1983, and the CDOC is entitled to sovereign immunity as an arm of the state. *Id.* at 14-15.

## II. Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Dismissal of a federal claim for

3

lack of subject matter jurisdiction "is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)) (internal quotations omitted).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

The crux of Defendants' Motion is that Plaintiff's requested relief which remains at issue in this matter is retrospective and moot, because he is no longer subject to the

complained-of restrictions imposed at CSP (despite his continuing classification as a member of a Security Threat Group). *See* [#151] at 5. The point of Plaintiff's Response is that, as a classified member of a Security Threat Group, he could be transferred back to CSP at any time. [#159] at 1-3. The Court reviewed and rejected a similar argument proffered by Defendants in their third Motion to Dismiss, and at that time, agreed with Plaintiff's position. Defendants previously contended that because Plaintiff was no longer housed at CSP (and not subject to CSP's more restrictive limitations) but at the Colorado Correctional Facility ("CCF"), which is part of the same correctional facility complex, Plaintiff no longer suffered from the pled injuries. *See Rec.*, [#137] at 12. The Court found that Defendants did not meet their burden of demonstrating mootness on the grounds that, accepting Plaintiff's allegations as true, Plaintiff presented a reasonable likelihood that he would be reassigned to CSP, and the record at that time did not present any assurance that Plaintiff would not be reassigned to CSP. *Id.* at 13-14. Defendants' second attempt at arguing mootness is more successful.

This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings.[1] *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Deberry v. Davis*, 460

---

[1] The Court may consider the question of subject matter jurisdiction *sua sponte* at any time. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1293 n.6 (D. Colo. 2009).

F. App'x 796, 799 (10th Cir. 2012) (internal quotations and citation omitted).

A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[I]t is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Nevertheless, the Court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted).

The second and third exceptions to the mootness doctrine are at issue in this case, pertaining to whether the restrictions addressed in Plaintiff's Claims One through Four are alleged wrongs capable of repetition yet evading review, or whether the allegedly illegal practices could be resumed by Defendants at any time. Defendants bear the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated," as required by application of the voluntary cessation exception. *Binsz v. Cody*, 38 F.3d 1220, 1994 WL 577558, at *2 (10th Cir. 1994) (unpublished) (citation omitted). However, Plaintiff bears the burden of establishing the applicability of the capable of repetition yet evading review exception. *Jordan v. Sosa*, 654 F.3d 1012, 1035 (10th Cir. 2011). Here, the Court finds that Defendants have met their burden, whereas Plaintiff has not.

**A. Voluntary Cessation**

Defendants provide evidence with their Reply establishing that Plaintiff has not shown a reasonable expectation or demonstrated probability that he will be reassigned to

6

CSP.[2] *See* [#160]. Defendants indicate that Plaintiff had been assigned to CSP only once during his seventeen years in CDOC custody. *Id.* at 2 (citing Aff. of Donald Brightwell ("Brightwell Aff."), [#151-2] at 2). Further, Plaintiff was transferred out of the CSP/CCF complex to Limon Correctional Facility ("LCF") on June 27, 2011 as a result of "improved behavior" (Plaintiff remains incarcerated at LCF). Brightwell Aff., [#151-2] at 3. Plaintiff's prior incarceration at CSP was a result of Plaintiff's "demonstrated behavior that was too violent or dangerous to be placed safely in general population." *Id.* at 2. Thus, "Plaintiff's good behavior renders improbable his return to administrative segregation and placement at CSP." [#160] at 3.

Defendants additionally resolve the issues presented in the April 7, 2011 Recommendation. *Id.* Plaintiff is no longer incarcerated at the CSP/CCF complex, and "[a]s an offender in the general population at LCF, [Plaintiff] is subject to no restrictions beyond those that apply to all general population offenders." Brightwell Aff., [#151-2] at 3. Further, the Court notes that Plaintiff recently initiated a new action against CDOC and prison officials at LCF arising from the alleged denial of inmate-led religious services for the Christian Identity faith group. *See* Case No. 12-cv-00997-WJM-KLM. The commencement of the second lawsuit indicates to the Court that Plaintiff has shifted his attention from the conditions at CSP, to which he is no longer subjected, to the conditions under which he is presently confined at LCF.

Defendants' properly supported assertions, in addition to the filing of the second lawsuit, demonstrate to the Court that there is no reasonable expectation that is sufficiently immediate and specific to Plaintiff of his reassignment to CSP. *Cf. Green v. Branson*, 108

---

[2] "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003.

F.3d 1296, 1300 (10th Cir. 1997) (conditions of confinement claim mooted by transfer and release of inmate) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (inmate's suit for declaratory judgment as to whether correctional officers violated his constitutional rights by opening his privileged mail outside his presence was rendered moot by inmate's release from prison); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail"); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977) (when a prisoner is released from prison, there is no longer a substantial controversy between the former inmate and prison officials of sufficient immediacy and reality to warrant the issuance of either injunctive or declaratory relief)).

Additionally, the Court of Appeals for the Fourth Circuit adjudicated an analogous case, which provides this Court with persuasive authority. In *Incumaa v. Ozmint*, the Fourth Circuit evaluated a lawsuit in which the incarcerated plaintiff challenged a ban on receiving publications by mail, which was a restriction imposed while he was housed in a maximum security unit. 507 F.3d 281, 282-83 (4th Cir. 2007). After the plaintiff initiated the lawsuit, he was transferred out of the maximum security unit, and had not been reassigned to the maximum security unit for over two years. *Id.* at 282. The court noted that "there [was] no indication that the [maximum security unit] ban [would] ever apply to him again, save some serious misstep on his part." *Id.* at 283. Reassignment to the more restrictive unit was "directly tied to an inmate's bad behavior, so [the plaintiff] thus 'holds the keys' to his remaining free from the unit." *Id.* at 289. Therefore, the Fourth Circuit held that the

mootness doctrine applied without exception, and the court affirmatively declined to "base [its] mootness jurisprudence in this context on the likelihood that an inmate will fail to follow prison rules." *Id.*

The same holds true in this lawsuit. Whether Plaintiff is reassigned to CSP is a matter in his own hands; like *Incumaa*, Plaintiff "'holds the keys' to his remaining free from the unit." *See id.* at 289. Therefore, the Court finds that the voluntary cessation exception (as well as the below-described exception concerning acts capable of repetition yet evading review) to the mootness doctrine is inapplicable to the instant case.

### B.     Capable of Repetition Yet Evading Review

Because Plaintiff requests solely injunctive relief (after his requests for relief were narrowed by resolution of the motions to dismiss), the remaining inquiry regarding the "capable of repetition yet evading review" exception turns on whether Plaintiff has established a demonstrated probability that he will be reassigned to CSP in the future, and thereby will again be subjected to the restrictions at issue in this case. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ."); *Underwood v. United States*, 255 F. App'x 337, 338 (10th Cir. 2007) ("[P]laintiff must do more than speculate about future possibilities. [Plaintiff] must show a 'reasonable expectation' or a 'demonstrated probability' that this same controversy . . . will recur." (internal quotations and citation omitted)).

As stated, Plaintiff contends that he may be reassigned to CSP due to his status as an active member of a designated Security Threat Group. [#159] at 2. Plaintiff cites to a "recent study" indicating that CDOC "grossly over uses Admin. Seg." *Id.* Plaintiff also

9

reiterates that he is not permitted to participate in communion because "the Christian Identity faith group does not have any available outside volunteers." *Id.* at 3.

Weighing both sides' presented evidence and argument, the Court concludes that Plaintiff does not demonstrate with any specificity or immediacy that he will be reassigned to CSP. Like the Tenth Circuit's determination in *Jordan v. Sosa*, Plaintiff "offers [the Court] nothing to validate the reasonableness of his expectancy of changed conditions of penal confinement." 654 F.3d at 1036. The "recent study" proffered by Plaintiff contains nothing more than broad conclusions regarding the use of administrative segregation. *See* [#159] at 8-10. Although it may be true that Plaintiff is an active member of a designated Security Threat Group, he has been assigned to CSP only once during the duration of his incarceration, and, on the basis of improved behavior, he has remained in the general population of two facilities (CCF and LCF) subsequent to his incarceration at CSP. Rendering a decision as to the restrictions imposed at CSP, when applied to this Plaintiff who is no longer incarcerated at CSP and who has not established a demonstrable probability that he will be reassigned to CSP, would constitute an impermissible advisory opinion. *See Deberry*, 460 F. App'x at 799. Therefore, the Court finds that the exception to the mootness doctrine applied in situations that are capable of repetition yet evade review is inapplicable to the instant case.

The Court's conclusions are consistent with *Jordan v. Sosa*. In *Jordan*, the Tenth Circuit evaluated an incarcerated plaintiff's challenge to "the constitutionality of a statutory and regulatory ban on the use of federal funds to distribute to federal prisoners commercially published materials that are sexually explicit or feature nudity." 654 F.3d at 1015. After resolution of the matter by the district court, the plaintiff was transferred from a more restrictive federal facility (like CSP) to other federal Bureau of Prisons facilities. *Id.*

at 1018. Thus, on appeal, the Tenth Circuit was compelled to address whether any part of the case was mooted by the plaintiff's transfer from solitary confinement at the more restrictive facility to a "Special Management Unit" ("SMU") at a facility outside of the court's jurisdiction. *Id.*; *id.* at 1021-22. The Tenth Circuit noted the government's concession that, despite the transfer, SMU inmates (including the plaintiff) were indeed subject to the ban in dispute. *Id.* at 1022. As such, the plaintiff maintained that the case was not moot, because he remained subject to the challenged ban. *Id.* at 1023. The Tenth Circuit ultimately held that the plaintiff's case was constitutionally moot, and that the same two exceptions at issue in this matter did not apply in that case. *See id.* at 1036-37.

The Tenth Circuit opined that, "[w]here a plaintiff requests equitable relief, a mere showing that he maintains a personal stake in the outcome of the controversy is insufficient. . . . Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance - past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* at 1024 (internal quotations and citations omitted). In the specific context of prison transfers, the Tenth Circuit stated: "Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Id.* at 1027. In the absence of an applicable exception to the mootness doctrine (*i.e.*, as resolved above), such transfer indicates "the end of the alleged deprivation of [the prisoner's] constitutional rights." *See id.*; *see also id.* at 1028-29 (recognizing that prisoners will often sue the director of the prison system or the system itself in order to invoke exceptions to the mootness doctrine).

In light of the above-stated legal precedent, neither relevant exception to the

mootness doctrine applies, and the Court therefore lacks subject matter jurisdiction over Plaintiff's claims. Thus, if the Court issued an order granting the relief requested, the order would be an impermissible advisory opinion regarding conditions of confinement at CSP and would have no "effect in the real world" for Plaintiff. *See id.* at 1029. "[A]s a federal court, [the Court is] not in the business of rendering such feckless judgments." *Deberry*, 460 F. App'x at 799.

Further, as stated above, Plaintiff's claims regarding the conditions of confinement at CSP (*e.g.*, ban on religious correspondence courses, book and magazine limits, denial of communion, placement at CSP due to Security Threat Group classification) are moot due to Plaintiff's transfer out of CSP (and out of the CSP/CCF complex completely), thus the mootness doctrine precludes both his RLUIPA and constitutional claims arising from those challenged conditions, and precludes any injunctive relief that could be imposed against Defendants, regardless of whether the defendant is CDOC or a known or unknown individual sued in his or her official capacity. *See Jordan*, 654 F.3d at 1026 (if the plaintiff has not named as defendants "individuals or entities that are actually situated to have their future conduct toward the plaintiff altered by the court's declaration of rights . . ., courts are likely to determine that they cannot accord the plaintiff effective declaratory relief and that the action is moot."). Therefore, the Court recommends that Defendants' Motion be granted, and Plaintiff's remaining claims be dismissed without prejudice as moot.[3] *See Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (dismissal due to mootness must be without prejudice).

---

[3] As the Court recommends dismissal of Plaintiff's remaining claims on the basis of mootness, the Court declines to adjudicate Defendants' additional argument regarding sovereign immunity.

## IV. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendants Colorado Department of Corrections and Mary Nell McCormick's Motion to Dismiss All Claims on Mootness and Sovereign Immunity Grounds [#151] be **GRANTED**, and Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** as moot.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 16, 2012, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge