# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 09-cv-0537-WJM-KLM

JACOB IND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

_____

### ORDER DIRECTING FINAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
_____

On January 6-7, 2014, the Court held a two day bench trial on Plaintiff Jacob Ind's second claim of his operative Complaint, that the Religious Land Use and Institutionalized Persons Act ("RLUIPA") is violated by the Defendant Colorado Department of Corrections's policy which states that offenders in levels two and three of administrative segregation may possess no more than two personal books at a time. (*See* ECF Nos. 204, 268 & 269.)  Per WJM Revised Practice Standard V.J.3, the parties are required to file final proposed findings of fact and conclusions of law no later than 21 days after the trial transcript is filed with the Court.  The purpose of this Order is to provide the parties with guidance as to where they should focus their analysis in their proposed final proposed findings of fact and conclusions of law.

RLUIPA requires that "[n]o government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government demonstrates that the burden "is in furtherance of a compelling governmental interest" and "is the

least restrictive means of furthering" that interest.  *See* 42 U.S.C. § 2000cc-1(a).  As the parties are aware, courts have interpreted this language as creating a burden-shifting scheme.  Plaintiff bears the burden of identifying a sincerely-held religious belief, and showing that Defendant's challenged policy substantially burdens that belief.  *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312-13 (10th Cir. 2010).  At trial, Defendant conceded that Plaintiff had met his burden of identifying his sincerely-held religious beliefs.  Thus, the parties should focus their analysis on whether Plaintiff has shown that Defendant's book limits substantially burden his religious beliefs.  The parties' argument on this issue in the context of Defendant's Rule 50 motion was informative, and the parties should elaborate on their arguments in their final conclusions of law.

Additionally, if the Court finds that Plaintiff has met his burden under the statute, the burden will then shift to Defendant to show that the policy at issue furthers a compelling government interest, and that Defendant has employed the least restrictive means of furthering that compelling interest.  *Abdulhaseeb*, 600 F.3d at 1318.  Having presided over the trial, the Court has little difficulty concluding that Defendant has put forth evidence establishing that compelling state interests undergird the challenged policy.  Therefore, the parties should focus their analysis in their respective filings on whether the book limits (in conjunction with the one-for-one exchange policy and the policies governing access to library books) are the least restrictive means of furthering the compelling governmental interest.

Although the language of RLUIPA requires that any policy which substantially burdens a prisoner's religious beliefs be the "least restrictive means" of furthering the state's compelling interest, the Tenth Circuit has held that the state is not required to

prove a negative. That is, the state is not required to refute every conceivable option in order to satisfy the least restrictive means prong. *See United States v. Wilgus*,[1] 638 F.3d 1274, 1290 (10th Cir. 2011) ("Not requiring the government to do the impossible—refute each and every conceivable alternative regulation scheme—ensures that scrutiny of federal laws under [RLUIPA] is not 'strict in theory, but fatal in fact.'") (quoting *Fullilove v. Klutznick*, 448 U.S. 448, 507 (1980) (Powell, J., concurring)).

Additionally, the Tenth Circuit has recognized that courts are generally deferential to prison officials' policies and has noted:

> The task of deciding whether a particular regulatory framework is the least restrictive—out of all conceivable—means of achieving a goal virtually begs a judge to go on a fishing expedition in his or her own mind without tethering the inquiry to the evidence in the record. It is incumbent upon us, therefore, to limit ourselves to consideration of the alternative regulation schemes proffered by the parties, and supported in the record. A statute that asks whether a regulation is the least restrictive means of achieving an end is not an open-ended invitation to the judicial imagination.
>
> At the same time, however, we have an obligation to ensure that the record supports the conclusion that the government's chosen method of regulation is least restrictive and that none of the proffered alternative schemes would be less restrictive while still satisfactorily advancing the compelling governmental interests.

*Id*. Therefore, the Tenth Circuit has held that for the state to meet its burden under the "least restrictive means" prong of the RLUIPA standard, it must: (1) support its choice of

---

[1] The Court is aware that *Wilgus* involved the Religious Freedom Restoration Act ("RFRA"). However, the Tenth Circuit has held that the "least restrictive means" analysis is the same under RFRA and RLUIPA. *See Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1140 (10th Cir. 2013).

regulation; and (2) refute the alternative schemes offered by the challenger. *Id*.

In their final proposed findings of fact and conclusions of law, the parties should analyze the "least restrictive means" inquiry under this standard. At trial, Plaintiff clearly put forth at least two proposed alternatives to Defendant's personal book limits: (1) allowing offenders in administrative segregation to have as many books as they desire, so long as their overall personal property fits within the three cubic feet allotted to all prisoners; and (2) allowing prisoners in administrative segregation to have at least ten personal books, again with the caveat that an offender's personal property must fit within three cubic feet. Because these alternatives were plainly identified by Plaintiff at trial, the parties should address these schemes in their final findings of fact and conclusions of law.

In addition to these two alternatives, Plaintiff also alluded to a variety of different schemes which he seemed to believe were feasible. For example, during closing argument, Plaintiff's counsel suggested that the state could offer prisoners the option of participating in the one-for-one exchange program, or having more personal books that were not exchanged. During trial, Plaintiff's counsel questioned Defendant's donation policies and the policies requiring that any personal book "exchanged" be sent outside of the prison or destroyed. Plaintiff also suggested that it may be appropriate to treat paperback books differently than hardcover books, and that Defendant could impose limits on the total number of pages that a prisoner could possess rather than limiting the number of books. However, it is not clear to the Court whether any of these suggestions were put forth as a true alternative to the existing book limits, or whether this evidence was elicited for a different purpose.

Under Tenth Circuit precedent, to meet its burden on the "least restrictive means" prong of the RLUIPA standard, Defendant is required to show that none of Plaintiff's proposed alternatives are less restrictive means of achieving the identified compelling state interests. To permit Defendant to attempt to meet this burden, the Court finds that fairness requires Plaintiff to clearly and plainly identify all proposed alternative schemes.

Thus, to the extent Plaintiff wishes to proffer any alternative scheme other than the two discussed at trial and set forth above, he must do so in his final proposed findings of fact and conclusions of law. Because Defendant is required to file its final proposed findings of fact and conclusions of law simultaneous with Plaintiff, if Plaintiff identifies any alternative schemes other than the two brought forth at trial, the Court will permit Defendant the opportunity to supplement its final proposed conclusions of law to address these new alternatives. Defendant's supplemental final proposed conclusions of law, limited solely to the issue of the whether it has met its burden under the "least restrictive means" prong of the RLUIPA standard, will be due no later than **seven days after the date** the parties file their contemporaneous final proposed findings of fact and conclusions of law.

Dated this 13th day of January, 2014.

BY THE COURT:

William J. Martinez
United States District Judge