**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 09-cv-0537-WJM-KLM

JACOB IND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

---

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. (ECF No. 303.) For the reasons set forth below, the Motion is hereby granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed his *pro se* Complaint in this matter on March 13, 2009, alleging violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). (ECF No. 3.) Counsel was later appointed for Plaintiff, and they entered their appearance on November 30, 2012. (ECF Nos. 180-82.) After the Court held a two day bench trial on the second claim of Plaintiff's operative Complaint, the Court ruled in Plaintiff's favor and awarded Plaintiff injunctive relief. (ECF Nos. 268, 269 & 300.) The Court also found that Plaintiff was the prevailing party, and invited Plaintiff to file a motion seeking attorneys' fees in accordance with 42 U.S.C. § 1988(b). (ECF No. 300 at 41-42.) Plaintiff then filed the instant Motion for Attorneys' Fees and

Costs. (ECF No. 303.) Plaintiff submitted documentation showing that his counsel incurred fees of $365,819.50 during the prosecution of his case, but, after exercising billing judgment, he sought reimbursement for $184,371.60 in fees and $1,521.91 in costs. (*Id.* at 3-4.)

Defendant's Response argues that Plaintiff failed to apply the relevant statutory limits on the hourly rate an attorney can charge under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). (ECF No. 312 at 1.) Defendant sets forth several additional reasons why the hours claimed by Plaintiff are unreasonable, including an allegedly improper use of "block billing," excessive research, unnecessary trial preparation, duplicative work, and improperly billed clerical work. (*Id.*) Based on these concerns, Defendant requests that the Court reduce Plaintiff's award of attorneys' fees to $56,340.12. (*Id.* at 15.)

Plaintiff's Reply acknowledges that his original fees request did not adhere to the applicable PLRA hourly rate guidelines. (ECF No. 316 at 2.) Plaintiff, however, disputes Defendant's allegations of overbilling. (*Id.* at 15.) Plaintiff's Reply states that counsel has "exercised reasonable billing judgment to make detailed and substantial write-offs," which resulted in a 36% reduction in fees from the actual number of hours billed. (*Id.* at 1.) In his Reply, Plaintiff further reduces his requested fees by 20% to compensate for possible inefficiencies. (*Id.*) Plaintiff ultimately seeks fees in the amount of $114,744.14 (*Id.* at 15) plus costs totaling $1,521.91 (ECF No. 303 at 4)[1].

---

[1] Costs have already been taxed against the Defendant in the amount of $1,201.91. (ECF No. 308.)

## II.  LEGAL STANDARD

To determine a reasonable attorneys fee, the court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)).  Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Billing judgment should also take into account the experience and relative skill of the billing attorneys.  *Id.*  Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client."  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended.  *Id.* at 554-55.

## III.  ANALYSIS

### A.     Plaintiff's Reasonable Hourly Rate

The PLRA permits prisoners to recover attorneys' fees they may otherwise be entitled to as long as "the fee was directly and reasonably incurred in proving" the plaintiff's rights were violated, and the fee is proportionate to the relief obtained.  42 U.S.C. § 1997e(d)(1)(A)-(B)(I).  However, attorneys' fees obtained under the PLRA are subject to a capped rate dictated by 18 U.S.C. § 3006A, which is 150% of the allowable rate for court-appointed counsel.  *Id.* at §1997e(d)(3).  As of March 1, 2014, the Tenth

Circuit has adopted an hourly rate of $126.00 for court-appointed attorneys ("the CJA rate").  CJA Rates, THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, http://www.cod.uscourts.gov/AttorneyInformation/CJAInfo/CJARates.aspx (last visited Nov. 25, 2014).  Thus, at a maximum, Plaintiff may receive 150% of the current CJA rate, or $189.00 per hour.

Hourly rates should be tailored to an attorney's experience in the subject matter of the litigation.  *Ramos*, 713 F.2d at 555.  Attorneys practicing "outside their fields of expertise may deserve an hourly fee lower than their normal billing rate because of their lack of experience."  *Id.*  Thus, to determine a reasonable rate in this case, the Court considers Plaintiff's counsel's "skill and experience in civil rights or analogous litigation."  *Id.*

The bulk of hours expended on this case were billed by attorneys Sudee Wright and Carrie Claiborne.  (ECF No. 316-1.)  Ms. Wright's legal background is predominantly based in general business litigation.  (*See* ECF No. 303-2.)  While Ms. Claiborne does have some civil rights litigation experience, she has only been licensed to practice law since 2010.  (ECF No. 303-3.)  Moreover, neither Ms. Wright nor Ms. Claiborne appear to have had any experience involving prisoner civil rights or RLUIPA prior to handling this matter.  This Court finds that Plaintiff's limited background in RLUIPA claims, and civil rights law generally, warrants reduction from the maximum allowable rate.

However, the Court also acknowledges that the "quality of the lawyer's performance in the case should also be considered in placing a value on his or her services," and that many civil rights cases can be adequately handled even by those not

specializing in the field. *Ramos*, 713 F.2d at 555. Plaintiff's counsel competently and effectively presented their client's case to this Court, which resulted in a favorable judgment. It is also appropriate to note that the Plaintiff may have gone without any counsel had Ms. Wright and Ms. Claiborne not volunteered to take this case. The Court strongly believes that, where possible, the prosecution of civil rights violations should be incentivized. *Id.* at 552. The Court therefore finds that Plaintiff's counsel should be subject to only a minor hourly reduction, and that 125% of the current CJA rate, or $157.50 per hour (1.25 x $126.00), is a reasonable rate in this case.

**B.     The Reasonableness of Counsel's Billable Hours**

Parties seeking fees under 42 U.S.C. § 1988 must submit "meticulous, contemporaneous time records." *Ramos*, 713 F.2d at 553. The records should reveal the time counsel spent on specific tasks, such as research, drafting, and client meetings. *Id.* Proper records should also allow the court to differentiate between the total "raw" hours expended and those *reasonably* expended. *Id.* Fees requested under fee-shifting statutes are subject to "close scrutiny." *Praseuth*, 406 F.3d at 1257 (citing *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th Cir. 1995)).

Plaintiff's counsel submitted detailed billing records that allow the Court to engage in the "close scrutiny" mandated by this Circuit. Nearly all entries are accompanied by a clear description of the task conducted and the time expended on that task. (ECF No. 316-1.) Although the Defendant objects to Plaintiff's use of "block billing," it submits no authority that the use of such billing is *per se* unreasonable. (ECF No. 312 at 5.) Indeed, the Tenth Circuit "has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect

block billing." *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000).

Defendant makes several other objections to the number of hours expended by Plaintiff, including excessive work, duplicative work, and improperly billed clerical work. (ECF No. 312.) The Court has reviewed the bills and considered these arguments, but cannot say counsel spent an inordinate amount of time on any particular task. Plaintiff's Reply effectively refutes Defendant's assertions regarding duplicative work by stating that "undersigned counsel worked on different tasks and/or worked on different parts of the same task." (ECF No. 316 at 11.) This assertion is supported by the record. (ECF No. 316-1.) Plaintiff's Reply also eliminates all hours spent on clerical work from his request, and therefore moots Defendant's concerns on that issue. (ECF No. 316 at 14-15.)

With regard to Defendant's argument that Plaintiff's counsel did excessive work, the Court finds that the reductions voluntarily undertaken are substantial and adequately address this objection. Counsel wrote off whole categories of time, including the hours spent by several other attorneys on staff, all internal meetings, and travel time to and from Limon Correctional Facility. (ECF No. 303-1 at 4-5.) Counsel then subtracted an additional 20% from the remainder "in an abundance of caution . . . to account for possible inefficiencies and to avoid any appearance of inappropriate fees." (*Id.* at 6.) These reductions demonstrate that counsel exercised appropriate billing judgment prior to submitting their fee request, which, coupled with counsel's detailed billings, allows the Court to determine what hours were reasonably expended. *Hensley,* 461 U.S. at 434.

A review of counsel's bill persuades the Court that the total of 657.1 hours[2] expended is reasonable.

**C.     Lodestar Amount**

The Court has found that $157.50 is a reasonable hourly rate, and that Plaintiff's request for 657.1 hours of work on this case is reasonable.  Multiplying the figures results in an attorneys' fees award of $103,493.25, which the Court finds is reasonable.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 303) is GRANTED IN PART and Plaintiff is awarded $103,493.25 in attorneys' fees.  As Plaintiff has already been awarded costs by the Court (ECF No. 308), this aspect of the Motion is DENIED AS MOOT.

Dated this 2nd day of December, 2014.

BY THE COURT:

William J. Martínez
United States District Judge

---

[2] This figure constitutes a 20% reduction to the 821.4 hours billed by counsel after all of their write-offs.